IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIKE GERALD,<br><br>               Petitioner,<br><br>    v.<br><br>MARK GARMEN, *Superintendent*<br>*S.C.I. Rockview*,<br><br>               Respondent. | Civil Action No. 16 – 946<br><br>District Judge Nora Barry Fischer<br>Magistrate Judge Lisa Pup Lenihan |

## **REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss the Petition for Writ of Habeas Corpus (ECF No. 10) be granted and that the Petition for Writ of Habeas Corpus (ECF No. 1) be dismissed as untimely. It is further recommended that a Certificate of Appealability be denied.

**II.    REPORT**

Before this Court is a Petition for Writ of Habeas Corpus filed by Petitioner Mike Gerald ("Petitioner") pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner challenges his judgment of sentence of twenty to forty years' imprisonment for third-degree murder entered on November 17, 2004, in the Court of Common Pleas of Allegheny County at CP-02-CR-0011398-2003. For

1

the following reasons, Petitioner's application for federal habeas corpus relief should be dismissed as untimely.

## A. Background

Petitioner was convicted by a jury of third-degree murder following the shooting death of John Mitchell in March of 1998. After Petitioner's conviction, the trial court sentenced him to twenty to forty years' imprisonment. (Resp't Ex. 1; ECF No. 10-1, pp.1-17.) Petitioner filed a direct appeal, which was docketed at 2165 WDA 2004. (Resp't Ex. 2; ECF No. 10-1, pp.18-22.) The Pennsylvania Superior Court affirmed the judgment of sentence in a Memorandum Opinion dated August 24, 2006. (Resp't Ex. 3; ECF No. 10-1, pp.23-48.) Petitioner filed a Petition for Allowance of Appeal (PAA) with the Pennsylvania Supreme Court, which was docketed at 504 WAL 2006. (Resp't Ex. 4; ECF No. 10-1, pp.49-52.) The PAA was denied on March 6, 2007. *See* id.

On October 24, 2007, Petitioner filed a Petition for relief under Pennsylvania's Post-Conviction Relief Act (PCRA). (Resp't Ex. 1, ECF No. 10-1, p.9.) The PCRA court dismissed the petition on May 12, 2008. (Resp't Ex. 1; ECF No. 10-1, p.10.) However, on appeal, which was docketed at 1115 WDA 2008, the Superior Court vacated and remanded to allow Petitioner to file an Amended Petition. (Resp't Exs. 5 & 6; ECF No. 10-1, pp.53-56, ECF No. 10-2, pp.1-9.) An evidentiary hearing was held, and on November 16, 2010, the PCRA court dismissed the amended petition. (Resp't Ex. 1; ECF No. 10-1, pp.13-14.)

Petitioner filed an appeal, docketed at 1911 WDA 2010, challenging the denial of his PCRA petition. (Resp't Ex. 7; ECF No. 10-2, pp.11-14.) The Superior Court affirmed the dismissal on the PCRA petition in a Memorandum Opinion dated August 21, 2012. (Resp't Ex. 8; ECF No. 10-2, pp.15-30.) Petitioner filed a PAA with the Pennsylvania Supreme Court,

which was docketed at 420 WAL 2012. (Resp't Ex. 9; ECF No. 10-2, pp.31-33.) The PAA was denied on March 13, 2013. *See* id.

Petitioner filed a second or successive PCRA petition on March 11, 2014. (Resp't Ex. 1; ECF No. 10-1, p.15.) It was dismissed as time-barred on April 24, 2014, pursuant to 42 Pa. C.S.A. § 9545(b)(3). (Resp't Ex. 10; ECF No. 10-2, p.34.) Petitioner filed an appeal, which was docketed at 906 WDA 2014. (Resp't Ex. 11; ECF No. 10-2, pp.35-38.) The Superior Court affirmed the dismissal of the petition in a Memorandum Opinion dated November 6, 2015. (Resp't Ex. 12; ECF No. 10-2, pp.39-47.)

On June 21, 2016,[1] Petitioner filed the instant Petition for Writ of Habeas Corpus with this Court. (ECF No. 1.) His Petition for Writ of Habeas Corpus raises fifteen claims: ineffective assistance of PCRA counsel (claims 1-3); ineffective assistance of trial counsel (claims 4-14); and trial court error, prosecutorial misconduct and ineffective assistance of trial counsel (claim 15). Respondent has filed a Motion to Dismiss the Petition for Writ of Habeas Corpus asserting that it is subject to dismissal under the AEDPA's one-year statute of limitations, which is codified at 28 U.S.C. § 2244(d). (ECF No. 10.)

**B. Discussion**

AEDPA imposes a one-year limitations period for state prisoners seeking federal habeas review. It is codified at 28 U.S.C. § 2244(d) and it provides:

---

[1] This is the filing date under the "mailbox rule." Pennsylvania and federal courts employ the prisoner mailbox rule. *See* Perry v. Diguglielmo, 169 Fed. Appx. 134, 136 n.3 (3d Cir. 2006) (citing Commonwealth v. Little, 716 A.2d 1287 (Pa. Super. Ct. 1998)); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). Under this doctrine, a prisoner's *pro se* pleading is deemed filed when delivered to prison officials for mailing. *See* Burns, 134 F.3d at 113; Commonwealth v. Castro, 766 A.2d 1283, 1287 (Pa. Super. Ct. 2001) (deemed filed when given to proper prison authority or placed in a prison mailbox).

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

The statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 543 U.S. 1067 (2005). In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger date" for the one-year limitations period pursuant to section 2244(d)(1). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

As to the first inquiry, the vast majority of habeas cases fall within § 2244(d)(1)(A), with AEDPA's limitation period commencing for all claims on the date the state prisoner's judgment of sentence became final by the conclusion of direct review. Such is the case here.[2]

In this case, Petitioner's judgment of sentence became final on June 4, 2007, ninety days after the Pennsylvania Supreme Court denied his PAA and upon the expiration of the time in

---

[2] Although not clearly spelled out in his Petition, Petitioner appears to assert that the "trigger date" for his claims should fall under 28 U.S.C. § 2254(d)(1)(B) because there was an impediment to filing his habeas petition which was caused by state action; specifically, his PCRA counsel, Christy P. Foreman, caused him to miss the deadline to file his Petition because she inaccurately told him that he had one year to file a PCRA petition upon the Pennsylvania Supreme Court's denial of his PAA on March 13, 2013. Even if the Court were to consider this an "impediment" that prevented him from filing a timely habeas petition, which it clearly was not, the impediment was not state created because Attorney Foreman was not acting on behalf of the state. *See* Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005) (stating that incompetent state-provided counsel "is not the type of State impediment envisioned in § 2244(d)(1)(B)"), *judgment affirmed on other grounds*, 549 U.S. 327 (2007); Ibarra v. Ground, No. 12-0796, 2012 WL 3259898, at *3 (C.D. Cal. July 9, 2012) ("[T]he actions of petitioner's appellate counsel cannot be imputed to the state for purposes of extending the limitations period under § 2244(d)(1)(B)."); Lopez v. On Habeas Corpus, No. 10-690, 2010 WL 2991689, at *4 (E.D. Cal. July 29, 2010) (holding that "a state-appointed defense attorney is not a state actor and cannot, therefore, create an impediment through 'state action'").

Petitioner also appears to be asserting that the "trigger date" for claims one through three of his Petition should fall under 28 U.S.C. § 2254(d)(1)(D), the date that he discovered the facts supporting his claims of ineffective assistance of PCRA counsel, Christy P. Foreman. However, Petitioner's first three claims dealing with ineffective assistance of PCRA counsel are not cognizable on federal habeas review. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding under section 2254."); *see also* Coleman v. Thompson, 501 U.S. 722, 752-53 (1991); Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987); Holman v. Gillis, 58 F.Supp.2d 587, 597 (E.D. Pa. 1999) ("[A] claim of ineffective assistance of PCRA counsel is not cognizable in a federal habeas corpus petition because the right to effective assistance of PCRA counsel exists pursuant to state law, and is not mandated by the Constitution or laws or treaties of the United States."). Habeas relief is only available to challenge violations of the Constitution, laws, or treaties of the United States, and there is no constitutional right to an attorney in state post-conviction proceedings. Section 2254(i) clearly forecloses Petitioner's ability to assert a standalone claim of ineffective assistance of PCRA counsel, and, therefore, these claims cannot be considered by this Court. The trigger date for all remaining claims is the date Petitioner's judgment of sentence became final.

5

which he could seek review by the United States Supreme Court. *See* Sup. Ct. R. 13.1 (a petition for writ of certiorari seeking review of a state court judgment that is subject to discretionary review by the state court is timely filed within 90 days after entry of the order denying discretionary review). Petitioner's one-year limitations period to file for federal habeas relief began to run the next day, and absent tolling of the limitation period, Petitioner had until June 5, 2006 to file a habeas petition.

As to the second inquiry, the one-year limitations period was tolled during the pendency of Petitioner's "properly filed" state post-conviction proceedings pursuant to section 2244(d)(2). Because Petitioner sought collateral relief, statutory tolling applies.

Petitioner filed a PCRA petition on October 24, 2007, at which point 141 days of the limitations period had passed. The limitations period was tolled until March 13, 2013, the date the Pennsylvania Supreme Court denied review of his PAA. At that time, the habeas limitations period began to run again and there were 224 days remaining, or until October 23, 2013. Petitioner, however, did not file his Petition for Writ of Habeas Corpus until June 21, 2016, over two-and-a-half years later. Clearly, the Petition was untimely filed.

While Petitioner did file a second PCRA petition on March 11, 2014, his time for filing a Petition for Writ of Habeas Corpus had already expired 139 days earlier, on October 23, 2013. Nevertheless, that petition was dismissed by the state court as untimely and would not have tolled the statute of limitations in any event. The United States Supreme Court has held that time limits are "filing" conditions and that when a state court rejects a post-conviction petition as untimely it is not "properly filed" and does not statutorily toll the one-year AEDPA time limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).") (internal

quotation omitted); *see also* Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), *cert. denied*, Horn v. Fahy, 534 U.S. 944 (2001) (holding that a PCRA petition dismissed by the state court as time-barred was not "properly filed" and therefore does not toll the statute of limitations for a federal habeas corpus petition). Moreover, a PCRA petition dismissed as untimely is still not "properly filed" even if the applicant asserted a statutory exception to the Pennsylvania statute of limitations. Merritt v. Blaine, 326 F.3d 157, 166 (3d Cir. 2003); *see also* Pridgen v. Shannon, 380 F.3d 721, 728-29 (3d Cir. 2004). As such, even if the time for filing his Petition for Writ of Habeas Corpus had not already expired, his second PCRA petition would not have tolled the statute of limitations.

Having failed to meet AEDPA's one-year statute of limitations, Petitioner's Petition can only be saved by application of the doctrine of equitable tolling. Petitioner acknowledges that he filed his Petition outside of AEDPA's one-year statute of limitations, but contends that the limitations period should be equitably tolled. The United States Supreme Court has held that AEDPA's statute-of-limitations period "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows that: (1) he has been pursuing his rights diligently,³ and (2) some extraordinary

---

³  The United States Court of Appeals for the Third Circuit has explained:

>  The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence. Holland, 130 S.Ct. at 2565…. A determination of whether a petitioner has exercised reasonable diligence is made under a subjective test: it must be considered in light of the particular circumstances of the case. *See* Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence *in the circumstances*.") (emphasis added) (internal quotation marks and citation omitted); *see also* Doe v. Busby, 661 F.3d 1001, 1013 (9th Cir. 2011) ("To determine if a petitioner has been diligent in pursuing

7

circumstance stood in his way and prevented timely filing. Id. at 649. *See also* Ross, 712 F.3d at 798-804; United States v. Thomas, 713 F.3d 165, 174 (3d Cir. 2013); Munchinski v. Wilson, 694 F.3d 308, 329-32 (3d Cir. 2012). "This conjunctive standard requires showing *both* elements before we will permit tolling." Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original). The Third Circuit has advised that:

> "[t]here are no bright lines in determining whether equitable tolling is warranted in a given case." Pabon v. Mahanoy, 654 F.3d 385, 399 (3d Cir. 2011). Nevertheless, "courts must be sparing in their use of equitable tolling," Seitzinger v. Reading Hosp. & Medical Ctr., 165 F.3d 236, 239 (3d Cir. 1999), and should do so "only when the principles of equity would make the right application of a limitation period unfair." Miller [v. New Jersey State Dept. of Corr.], 145 F.3d [616, 618 (3d Cir. 1998)].

Sistrunk, 674 F.3d at 190.

In support of his equitable tolling argument, Petitioner has submitted to the Court a letter from Attorney Christy P. Foreman to him dated March 15, 2013. In the letter, Attorney Foreman wrote:

> Mr. Mike:
>
> Enclosed you will find the Supreme Court of Pennsylvania's Order denying your Petition for Allowance of Appeal. Please review and retain for your records. Additionally, please be advised that you have one (1) year from the date of the order to file a Post-Conviction Relief Act (PCRA) Petition, pursuant to 42 Pa.C.S. § 9501 *et seq*. This concludes my legal representation of you in the above-referenced matter.
>
> Sincerely,
>
> /s Christy P. Foreman, Esq.

(Pet's Ex. A; ECF No. 12-1.)

---

his petition, courts consider the petitioner's overall level of care and caution *in light of his or her particular circumstances*." (emphasis added)).

Ross v. Varano, 712 F.3d 784, 799 (3d Cir. 2013).

Petitioner contends that Attorney Foreman misled him in regards to the next stage of his appeal, and, if it was not for her misstatement, his Petition for Writ of Habeas Corpus would have been timely filed.

While it is clear that Attorney Foreman was incorrect in advising Petitioner that he had one year to file a PCRA petition,[4] Petitioner has still not met his burden of establishing that *after he received this letter from Attorney Foreman*, he: (1) pursued his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented him from filing a federal habeas petition. Holland, 560 U.S. at 649. As set forth above, Petitioner did not file his Petition for Writ of Habeas Corpus until June 21, 2016, which was 228 days after the Pennsylvania Superior Court affirmed the dismissal of his second PCRA petition as untimely on November 6, 2015, and at that point 141 days of his limitations period had already expired during the time between the conclusion of direct review and his filing of his first PCRA petition. Petitioner may not have understood the ramifications of waiting so long to seek federal habeas review after the Superior Court affirmed the dismissal of his second PCRA petition, but it is well established that a petitioner's "lack of legal knowledge or legal training does not alone justify equitable tolling." Ross, 712 F.3d at 799-800 (citing Brown v. Shannon, 322 F.3d 768, 774 (3d Cir. 2002) (equitable tolling not justified where petitioner had one month left in limitations period in which he could have filed "at least a basic pro se habeas petition" at the time that petitioner's attorney informed him that he would not file an appeal in state court on his behalf and could no longer

---

[4] The reason Attorney Foreman's letter is incorrect is because Petitioner had already exhausted his PCRA remedies. Indeed, she was his counsel in the matter, and the denial of his Petition for Allowance of Appeal to which she was referring in her letter was from his PCRA petition. It appears that she may have confused the matter with his direct appeal proceedings, in which case Petitioner would have had one year from the denial of his Petition for Allowance of Appeal to file his PCRA petition.

9

adequately represent him); and Doe v. Menefee, 391 F.3d 147, 177 (2d Cir. 2004) ("Given that we expect pro se petitioners to know when the limitations period expires ... such inadvertence on Doe's part cannot constitute reasonable diligence.")

In conclusion, because Petitioner has not demonstrated that there is any basis to grant him equitable tolling during the time between when he received Attorney Foreman's letter (March 15, 2013), until the day the Superior Court affirmed the dismissal of his second PCRA petition (November 6, 2015), his habeas claims are untimely and his Petition should be dismissed for that reason. Nevertheless, even if the Court were to grant him equitable tolling during this time period, his Petition should still be dismissed as untimely.[5]

C. **Actual Innocence**

It appears that Petitioner attempts to invoke the "actual innocence" exception to the statute of limitations applicable to habeas claims. In McQuiggin v. Perkins, 133 S .Ct. 1924 (2013), the United States Supreme Court reaffirmed this "equitable exception" but only when the petitioner presents new evidence that "shows it is more likely than not that no reasonable juror

---

[5] 141 days of his one-year limitations period expired before Petitioner filed his first PCRA petition (June 4, 2007 to October 24, 2007) and 228 days expired between the time his second PCRA proceedings concluded until the day he filed his Petition in this Court (November 6, 2015 to June 21, 2016). This is a total of 369 days. It should be noted that Petitioner dated his Petition for Writ of Habeas Corpus June 8, 2016, (ECF No. 1-1, p.14), and, according to the "mailbox rule," a prisoner's *pro se* pleading is deemed filed when delivered to prison officials for mailing, see Commonwealth v. Castro, 766 A.2d 1283, 1287 (Pa. Super. Ct. 2001). However, the envelope containing his Petition for Writ of Habeas Corpus is postmarked June 21, 2016, (ECF No. 1-8), 13 days after he signed it. Given the fact that no other filing in this case had a mailing lag time of more than two working days, at most, it is simply implausible to believe that Petitioner's Petition took 13 days to be mailed out of the institution. Instead, the more likely scenario is that Petitioner pre-dated his Petition, or that he prepared and signed it on June 8, 2016 but did not deliver it for mailing until sometime around June 20th. It is also noted that Petitioner never submitted anything to the Clerk's Office indicating that there was a delay in mailing out of the institution or inquiring as to whether his Petition was received if he did, in fact, mail it out on June 8, 2016. As such, the undersigned finds that the filing date of his Petition is June 21, 2016.

would have convicted [him]." Id. at 1933. Thus, under McQuiggin, "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." Id. at 1928. The Court's opinion in McQuggin makes clear the limitations on its holding: "tenable actual-innocence gateway pleas are rare: [A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

The Court also stressed the "demanding" nature of the test for permitting the gateway to open: "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" Id. at 1936 (quoting Schlup, 513 U.S. at 316). Additionally, the Court noted that the degree of diligence displayed by the petitioner in pursuing and presenting new evidence "bears on the determination whether the petitioner has made the requisite showing [of actual innocence]." Id. at 1935.

Petitioner has failed to produce any evidence of innocence. The evidence that he points to in his Response in Opposition to Respondent's Motion (ECF No. 12) is neither new nor is it evidence that bears on whether he is actually innocent. Moreover, Petitioner does not meet this gateway for reasons discussed in the state court's opinion, including the fact that Petitioner confessed to shooting the victim although accidentally, a theory that the jury disbelieved. Because Petitioner has not met this "demanding" test for ignoring the one-year limitations period otherwise applicable to this Petition for Writ of Habeas Corpus, it is recommended that the Petition be dismissed as untimely.

### D. Certificate of Appealability

A certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right or shown that jurists of reason would disagree that his habeas petition was untimely filed. *See*, *e.g.*, Slack v. McDaniel, 529 U.S. 473 (2000) (explaining standard for grant of a certificate of appealability where court does not address petition on the merits but on some procedural ground); Walker v. Government of the Virgin Islands, 230 F.3d 82, 89-90 (3d Cir. 2000).

### III. CONCLUSION

For the aforementioned reasons, it is respectfully recommended that the Motion to Dismiss the Petition for Writ of Habeas Corpus (ECF No. 10) be granted and that the Petition for Writ of Habeas Corpus (ECF No. 1) be dismissed as untimely. It is further recommended that a Certificate of Appealability be denied.In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: December, 6 2016.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

cc: Mike Gerald
    GA-3272
    S.C.I. Rockview

Box A
Bellefonte, PA  16823
*Via First Class Mail*

Counsel of record
*Via ECF Electronic Mail*