# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIKE GERALD, | ) |
|              Petitioner, | ) Civil Action No. 16 – 946 |
| v. | ) District Judge Nora Barry Fischer |
| | ) Magistrate Judge Lisa Pupo Lenihan |
| MARK GARMEN, *Superintendent* | ) |
| *S.C.I. Rockview*, | ) |
|              Respondent. | ) |

## **MEMORANDUM ORDER**

Petitioner Mike Gerald ("Petitioner") initiated this case on June 24, 2016, by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his November 17, 2004 judgment of sentence of twenty to forty years' imprisonment for third-degree murder at CP-02-CR-0011398-2003 in the Court of Common Pleas of Allegheny County. (ECF No. 1.) In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules of Court, all pretrial matters were referred to United States Magistrate Judge Lisa Pupo Lenihan.

On September 30, 2016, Respondent Garmen moved to dismiss the Petition on the ground that it was untimely filed pursuant to the filing provision requirements set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA). (ECF No. 10.) Petitioner responded in objection to the motion on November 4, 2016. (ECF No. 12.)

The Magistrate Judge issued a Report and Recommendation on December 6, 2016, wherein she recommended that Respondent's Motion to Dismiss be granted and that the Petition be dismissed as untimely. (ECF No. 13.) The parties were informed that they had until December 23, 2016 to file written objections, but Petitioner requested and was granted an extension to file his objections with a new deadline of February 6, 2017. (ECF Nos. 14, 15.) Petitioner filed his Objections on January 27, 2017. (ECF No. 17.)

Upon review, the Court finds that Petitioner's Objections are without merit and do not undermine the Magistrate Judge's recommendation that his Petition be dismissed as untimely. However, the Court will address Petitioner's first objection to the Report and Recommendation – "that the mail time frame utilized by the court to deny Petitioner are inaccurate & false, on Page 9, and the text note on the bottom of Page 10 numbered '5,' in the documented R&R." (ECF No. 17, p.1.) It appears that this objection is in reference to the filing date of his Petition as determined by the Magistrate Judge, and which had the potential to alter the Magistrate Judge's finding that the Petition was untimely. Specifically, the Magistrate Judge utilized the postmark date of June 21, 2016 as the date the Petition was filed in this Court, and upon calculating the statute of limitations, she found that, assuming Petitioner was entitled to equitable tolling, the Petition had been filed four days after the statute of limitations expired. However, in reference to the filing date of the Petition, she did note that Petitioner had actually signed and dated the Petition June 8, 2016, (ECF No. 1-8), but she stated that it was "simply implausible to believe that Petitioner's Petition took 13 days to be mailed out of the institution. Instead, the more likely scenario is that Petitioner pre-dated his Petition, or that he prepared and signed it on June 8, 2016 but did not deliver it for mailing until sometime around June 20th." (ECF No. 13, p.10, n.5.)

Petitioner objects to the Magistrate Judge utilizing June 21, 2016 as the date of filing for his Petition. (ECF No. 17, pp.1-2.) He insists that he placed his Petition in the mail on June 8, 2016, and he attached a copy of his "receipt/cash slip" to support his claim. (ECF No. 17-1.) He also states that the delay was likely attributed to the fact that all mail from SCI-Rockview gets sent across the street to SCI-Benner for possessing before it is mailed out, and for some reason bookkeeping did not send his Petition out until June 20, 2016. (ECF No. 17, p.2.)

Whether or not the Petition left Petitioner's hands for mailing on June 8, 2016, or some date thereafter, Petitioner ignores the fact that his Petition was still untimely filed because he was not entitled to any equitable tolling. On pages 5-6 of the Report and Recommendation, the Magistrate Judge explained that Petitioner had until October 23, 2013 to file a timely Petition for Writ of Habeas Corpus, but he did not file his Petition until two-and-a-half years later. (ECF No. 13, pp.5-6.) The Magistrate Judge then explained on page 7 that the Petition could only be saved by the application of the doctrine of equitable tolling. (ECF No. 13, p.7.) The Magistrate Judge examined Petitioner's arguments in support of equitable tolling and found that he had not met his burden. (ECF No. 13, pp.7-10.) In conclusion, the Magistrate Judge recommended that his Petition be dismissed as untimely. (ECF No. 13, p.10.) However, in a footnote, she noted that even if the Court were to grant Petitioner equitable tolling for the time he requested, which tolling he was not entitled to, his Petition (utilizing June 21, 2016 as the filing date) would still have been filed four days late.

It is Petitioner's position in his Objections that his Petition was timely filed if you utilize June 8, 2016 as the filing date. While this could possibly be true if Petitioner could have demonstrated entitlement to equitable tolling, he could not do so, and nothing in his Objections

undermines the Magistrate Judge's finding that he has not met his burden with respect to that doctrine.

While Petitioner objects to the Magistrate Judge's Report and Recommendation on several other grounds, they are all without merit and do not warrant a discussion. Therefore, after an independent review of the record, and consideration of the Magistrate Judge's Report and Recommendation, and Petitioner's Objections thereto, the following Order is entered:

**AND NOW**, this 3rd day of February, 2017;

**IT IS HEREBY ORDERED** that the Motion to Dismiss the Petition for Writ of Habeas Corpus (ECF No. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED** as untimely and that a Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation (ECF No. 13) is adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

By the Court:

s/Nora Barry Fischer
Nora Barry Fischer
United States District Judge

cc: Mike Gerald
GA-3272
S.C.I. Rockview
Box A
Bellefonte, PA 16823

Counsel for Respondent
(*Via CM/ECF electronic mail*)